UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KREG ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT L. CLARK and IMPAKT TOOLS, L.L.C., <br><br> Defendants. | CASE NO. 4:17-CV-00256 <br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Kreg Enterprises, Inc., and for its Complaint against Defendants, Scott L. Clark and Impakt Tools, L.L.C., hereby states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Kreg Enterprises, Inc., d/b/a Kreg Tool Company ("Kreg"), is a domestic for-profit corporation organized and operated under the laws of the State of Iowa with its principal place of business at 201 Campus Dr., Huxley, Story County, Iowa.

2. Defendant, Scott L. Clark ("Clark"), is an individual residing in Boone, Boone County, Iowa.

3. Defendant, Impakt Tools, L.L.C. ("Impakt"), is a limited liability company organized and operated under the laws of the State of Iowa with its principal place of business at 108 S. Plum St., Boone, Boone County, Iowa.

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over all parties to this lawsuit.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

1

## **FACTS COMMON TO ALL COUNTS**

7. Kreg manufactures a wide variety of tools, accessories, and equipment for woodworkers and do-it-yourselfers, including Kreg Jig® pocket-hole jigs, Precision Routing Systems, Precision Machine Accessories, Cutting and Measuring Tools, Clamping Tools, Deck Jigs, and more.

8. Craig Sommerfeld founded the company in 1991 and grew it with his son, Todd Sommerfeld, from the backyard woodshop to an international enterprise.

9. In 2003, Kreg hired Clark in the role of Tool Room Supervisor. Over the next roughly 13 years, Clark continued to advance at Kreg, holding titles such as Director of Engineering, Director of Product Development, and most recently, Director of Research & Development.

10. In these roles at Kreg, Clark was intimately involved in all aspects of Kreg's product design and had access to all of Kreg's proprietary information, designs, manufacturing processes, suppliers, vendors, margins, pricing, key customers, product forecasting, marketing initiatives, and the like.

11. On June 27, 2014, Clark signed an Acknowledgment of receipt of Kreg's Employee Handbook, which, among other things, contained the following provisions:

   a.

   **INVENTIONS**

   Inventions include, but are not limited to developments, improvements, formulas, original works of authorship, and databases, whether patentable, copyrighted or protected as trade secrets, that an employee either alone or with another, creates or reduces during employment with Kreg Tool Company and that are related to the business of the Company. **As a condition of employment, employees assign their rights in such inventions to the Company**, and agree to take any actions requested by

the Company, either during their employment or after their employment ends, to confirm ownership of inventions in the Company.

(Emphasis added).

    b.

**PROPRIETARY INFORMATION**

Proprietary information is information that has commercial value to the Company's business. It is information that is developed, created or discovered by the Company, or that becomes known by the Company, and that is not known the Company's competitors or the public. It is not possible to list all types of proprietary information; however, examples of proprietary information include, but are not limited to customer lists, processes, formulations, inventions, business and research strategies, marketing plans, company financial information and trade secrets, regardless of the form such information takes (e.g., written, electronic). Proprietary information includes confidential information that customers, vendors and other disclose to the Company with the expectation that it be kept secret, which is usually protected under the term of a written non-disclosure agreement.

Proprietary information is confidential. It is either owned by the Company, or the Company has an obligation to keep it confidential. The protection of proprietary information is vital to the interests and success of Kreg tool Company. **All employees have an obligation not to disclose, copy or use proprietary information other than as is allowed and necessary for the performance of their jobs.** Proprietary information should not be removed from Company premises, except as permitted and required by the conduct of Company business, nor should it be stored off-premises. Proprietary information, in addition to all other Company property or information, is to be returned to the Company upon request, completion of a project, and/or at separation of employment.

**Employees have an obligation to continue protecting Kreg Tool Company's proprietary information even after their employment with the Company ends**. Additionally, Kreg Tool Company respects an employee's obligations regarding a former employer's proprietary information. Employees are not to disclose or use the proprietary information of former employers in the performance of their jobs at Kreg Tool Company.

(Emphasis added).

12. On September 12, 2016, Clark resigned from his employment with Kreg and announced his intention "to compete" with Kreg.

13. On June 24, 2017, Clark posted the following on his Facebook page:



14. On November 9, 2016, Clark organized Impakt with the Iowa Secretary of State; he is believed to be Impakt's only member.

15. Impakt's website states:

> Out of necessity, Impakt Tools was born in 2016. After working for one of the leaders in the woodworking industry, Scott Clark decided it was time to leave a company that he had a large part in developing into what it is today and start his own business.

> Scott is an entrepreneur and inventor with a long history of exceptionally innovative products for the woodworking industry. Scott has 13 patents to his credit **and several more pending**. Impakt Tools is a Boone, Iowa-based company that designs, develops and manufacturer's [sic] tools for the DIY and woodworking markets. DIY is in our blood and our tools focus primarily on the problems that are encountered when building wood projects for the home, inside and out. We manufacture tools that are of the highest possible quality with the best prices.

http://impakttools.com/home/about-us/ (emphasis added).

16. Impakt's website describes its products as: i1 Pocket Hole Jig System; i2 XL Pocket Hole Jig System; and the p1 Portable Pocket Hole Jig, as well as clamps, screws, and pocket-hole jig accessories.

17. Impakt's tools bear a striking resemblance to Kreg's tools:

|        | i1 Pocket Hole Jig System | i2 XL Pocket Hole Jig System | p1 Portable Pocket Hole Jig |
|--------|---------------------------|------------------------------|-----------------------------|
| Impakt |                           |                              |                             |
| Kreg   | Kreg Jig® K4              | Kreg Jig® K4 Master System   | Kreg Jig® R3                |

18. Impakt's website indicates Clark has "patents pending" on the above products. See http://impakttools.com/home/i2-xl-pocket-hole-jig-system/ ("Patent pending 2-hole

adjustable spaced drill guides"); http://impakttools.com/home/p1-pocket-hole-jig/ ("Patent pending removeable [sic] drill guide for tight places and repair applications").

19. Clark is using the proprietary information he gained while a trusted employee at Kreg to recast Kreg® Jigs as Impakt Jigs and sell them in direct competition with Kreg.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,798,750
### (DEFENDANTS CLARK AND IMPAKT)

20. Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 19 above as if set forth fully herein.

21. On September 21, 2010, U.S. Patent No. 7,798,750 (the "'750 Patent") (attached hereto as Exhibit 1), entitled *Drill Guide With Removable Clamp Retainer* was duly and legally issued to Allen IP Inc., as assignee, on Application No. 11/894,253, filed August 20, 2007.

22. Clark is a named inventor on the '750 Patent and at all times relevant to this lawsuit had actual knowledge and notice of the '750 Patent.

23. On June 27, 2013, Allen IP Inc., as assignor, assigned all right, title and interest in and to the '750 Patent to Kreg.

24. At all times relevant to this Complaint, the '750 Patent has been in force, and Kreg has been, and is, the owner of all right, title and interest in and to the '750 Patent.

25. Clark and Impakt, without permission from Kreg, have been and continue to infringe the '750 Patent by manufacturing, using, selling, and offering to sell in the United States a product or products that meet all of the requirements of at least one claim of the '750 Patent either literally or under the doctrine of equivalents.

26. Clark's and Impakt's past and continued infringement of the '750 Patent is willful in nature and the result of egregious misconduct.

27. Clark's and Impakt's infringement of the '750 Patent is the proximate cause of substantial damage to Kreg.

28. If not enjoined as requested herein, Clark's and Impakt's infringement of the '750 Patent will irreparably harm Kreg.

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendants, Scott L. Clark and Impakt Tools, L.L.C., on this Patent Infringement claim. In doing so, Plaintiff, Kreg Enterprises, Inc., further prays this Court:

    A.    Temporarily and permanently enjoin Defendants, Scott L. Clark and Impakt Tools, L.L.C., and all persons in active concert or participation with them, from further acts of infringement of the '750 Patent, pursuant to 35 U.S.C. § 283;

    B.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all damages adequate to compensate Plaintiff, Kreg Enterprises, Inc., for Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, infringement of the '750 Patent, but in no event less than a reasonable royalty for the use made of the patented invention by Defendants, Scott L. Clark and Impakt Tools, L.L.C., together with all recoverable pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

    C.    Increase all damages Defendants, Scott L. Clark and Impakt Tools, L.L.C., are ordered to pay to Plaintiff, Kreg Enterprises, Inc., up to three times the amount found or assessed by the Court, pursuant to 35 U.S.C. § 284;

    D.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all attorney fees incurred by Plaintiff, Kreg Enterprises,

Inc., in relation to this lawsuit and Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, infringement of the '750 Patent, pursuant to 35 U.S.C. § 285; and

E.  Order all such other and further relief as the Court deems just under the circumstances.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,231,313
### (DEFENDANTS CLARK AND IMPAKT)

29. Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 28 above as if set forth fully herein.

30. On July 31, 2012, U.S. Patent No. 8,231,313 (the "'313 Patent") (attached hereto as Exhibit 2), entitled "*Adjustable Holding System*" was duly and legally issued to Allen IP Incorporated, as assignee, on Application No. 11/947,722, filed November 29, 2007.

31. Clark is a named inventor on the '313 Patent and at all times relevant to this lawsuit had actual knowledge and notice of the '313 Patent.

32. On June 27, 2013, Allen IP Incorporated, as assignor, assigned all right, title and interest in and to the '313 Patent to Kreg.

33. At all times relevant to this Complaint, the '313 Patent has been in force, and Kreg has been, and is, the owner of all right, title and interest in and to the '313 Patent.

34. Clark and Impakt, without permission from Kreg, have been and continue to infringe the '313 Patent by manufacturing, using, selling, and offering to sell in the United States a product or products that meet all of the requirements of at least one claim of the '313 Patent either literally or under the doctrine of equivalents.

35. Clark's and Impakt's past and continued infringement of the '313 Patent is willful in nature and the result of egregious misconduct.

36. Clark's and Impakt's infringement of the '313 Patent is the proximate cause of substantial damage to Kreg.

37. If not enjoined as requested herein, Clark's and Impakt's infringement of the '313 Patent will irreparably harm Kreg.

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendants, Scott L. Clark and Impakt Tools, L.L.C., on this Patent Infringement claim. In doing so, Plaintiff, Kreg Enterprises, Inc., further prays this Court:

    A. Temporarily and permanently enjoin Defendants, Scott L. Clark and Impakt Tools, L.L.C., and all persons in active concert or participation with them, from further acts of infringement of the '313 Patent, pursuant to 35 U.S.C. § 283;

    B. Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all damages adequate to compensate Plaintiff, Kreg Enterprises, Inc., for Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, infringement of the '313 Patent, but in no event less than a reasonable royalty for the use made of the patented invention by Defendants, Scott L. Clark and Impakt Tools, L.L.C., together with all recoverable pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

    C. Increase all damages Defendants, Scott L. Clark and Impakt Tools, L.L.C., are ordered to pay to Plaintiff, Kreg Enterprises, Inc., up to three times the amount found or assessed by the Court, pursuant to 35 U.S.C. § 284;

    D. Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all attorney fees incurred by Plaintiff, Kreg Enterprises,

Inc., in relation to this lawsuit and Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, infringement of the '313 Patent, pursuant to 35 U.S.C. § 285; and

E. Order all such other and further relief as the Court deems just under the circumstances.

## COUNT III – UNFAIR COMPETITION / TRADE DRESS INFRINGEMENT
### (DEFENDANTS CLARK AND IMPAKT)

38. Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 37 above as if set forth fully herein.

39. Kreg manufactures and sells multiple clamping and joining products, including, without limitation, the Kreg Jigs®, all of which contain Kreg's distinctive trade dress.

40. Kreg is the owner of all right, title, and interest in and to its trade dress.

41. Kreg's trade dress is nonfunctional.

42. Clark and Impakt, without permission from Kreg, have been and continue to manufacture, sell, and offer to sell in the United States nearly identical products in a manner that is likely to cause confusion among ordinary customers as to the source, sponsorship, affiliation, or approval of Clark's and Impakt's products, thus constituting unfair competition and trade dress infringement under 15 U.S.C. § 1125(a)(1).

43. Clark's and Impakt's unfair competition and trade dress infringement is the proximate cause of substantial damage to Kreg.

44. If not enjoined as requested herein, Clark's and Impakt's unfair competition and infringement of Kreg's trade dress will irreparably harm Kreg.

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendants, Scott L. Clark and Impakt Tools, L.L.C., on this

Unfair Competition / Trade Dress Infringement claim. In doing so, Plaintiff, Kreg Enterprises, Inc., further prays this Court:

      A.    Temporarily and permanently enjoin Defendants, Scott L. Clark and Impakt Tools, L.L.C., and all persons in active concert or participation with them, from further acts of unfair competition / trade dress infringement, pursuant to 15 U.S.C. § 1116;

      B.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all damages adequate to compensate Plaintiff, Kreg Enterprises, Inc., for Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, unfair competition and trade dress infringement, including, without limitation, recovery of all profits made by Defendants, Scott L. Clark and Impakt Tools, L.L.C., compensation for all damages sustained by Plaintiff, Kreg Enterprises, Inc., and the costs of this action, pursuant to 15 U.S.C. § 1117(a);

      C.    Increase all damages Defendants, Scott L. Clark and Impakt Tools, L.L.C., are ordered to pay to Plaintiff, Kreg Enterprises, Inc., up to three times the amount found or assessed by the Court, pursuant to 15 U.S.C. § 1117(a);

      D.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all attorney fees incurred by Plaintiff, Kreg Enterprises, Inc., in relation to this lawsuit and Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, unfair competition and trade dress infringement, pursuant to 15 U.S.C. § 1117(a); and

      E.    Order all such other and further relief as the Court deems just under the circumstances.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS
## (DEFENDANTS CLARK AND IMPAKT)

45. Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 44 above as if set forth fully herein.

46. Kreg is the owner of all right, title, and interest in and to its proprietary information, including, without limitation, its designs, manufacturing processes, supplier lists, vendor lists, margins, pricing, key customers, product forecasting, marketing initiatives, and the like, all of which constitute protectable "trade secrets" under 18 U.S.C. § 1839(3), Iowa Code § 550.2(4) and applicable common law (collectively, the "Trade Secrets").

47. Kreg has taken reasonable measures to keep its Trade Secrets secret, including, without limitation, requiring its employees, including Clark, to acknowledge receipt of an employee handbook containing provisions requiring that Trade Secrets be kept confidential.

48. Kreg's Trade Secrets derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, others.

49. Clark and Impakt misappropriated Kreg's Trade Secrets by disclosing and using those Trade Secrets to design, manufacture, sell and offer to sell competing products incorporating those Trade Secrets, despite direct knowledge, and in violation, of Clark's duty to Kreg to maintain the secrecy of those Trade Secrets.

50. Clark's and Impakt's misappropriation of Kreg's Trade Secrets is willful and malicious in nature.

51. Clark's and Impakt's misappropriation of Kreg's Trade Secrets is the proximate cause of substantial damage to Kreg.

52. If not enjoined as requested herein, Clark's and Impakt's misappropriation of Kreg's Trade Secrets will irreparably harm Kreg.

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendants, Scott L. Clark and Impakt Tools, L.L.C., on this Misappropriation of Trade Secrets claim.  In doing so, Plaintiff, Kreg Enterprises, Inc., further prays this Court:

    A.    Temporarily and permanently enjoin Defendants, Scott L. Clark and Impakt Tools, L.L.C., and all persons in active concert or participation with him, from further misappropriation of trade secrets, pursuant to 18 U.S.C. § 1836(b)(3)(A) Iowa Code § 550.3 and applicable common law;

    B.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all damages adequate to compensate Plaintiff, Kreg Enterprises, Inc., for Defendants, Scott L. Clark's and Impakt Tools, L.L.C.'s, misappropriation of trade secrets, including, without limitation, damages for actual loss caused by the misappropriation of trade secrets, damages for any unjust enrichment caused by the misappropriation of trade secrets, or imposition of a reasonable royalty for the unauthorized disclosure or use of trade secrets, pursuant to 18 U.S.C. § 1836(b)(3)(B), Iowa Code § 550.4(1) and applicable common law;

    C.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., exemplary damages in an amount up to two times the amount of damages found or assessed by the Court, pursuant to 18 U.S.C. § 1836(b)(3)(C) and Iowa Code § 550.4(2);

    D.    Order Defendants, Scott L. Clark and Impakt Tools, L.L.C., to pay to Plaintiff, Kreg Enterprises, Inc., all attorney fees incurred by Plaintiff, Kreg Enterprises, Inc., in relation to this lawsuit and Defendants, Scott L. Clark's and Impakt Tools,

L.L.C.'s misappropriation of trade secrets, pursuant to 18 U.S.C. § 1836(b)(3)(D) and Iowa Code § 550.6(3); and

E.   Order all such other and further relief as the Court deems just under the circumstances.

## COUNT V – BREACH OF FIDUCIARY DUTY
### (DEFENDANT CLARK)

53.   Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 52 above as if set forth fully herein.

54.   At all times relevant to this Complaint, a fiduciary relationship existed between Kreg and Clark.

55.   Clark breached his fiduciary duties to Kreg by appropriating Kreg's Trade Secrets and carrying away confidential information.  See e.g., Cent. States Indus. Supply, Inc. v. McCullough, 279 F. Supp. 2d 1005, 1043 (N.D. Iowa 2003) ("[A]n employee generally has a fiduciary duty to maintain the secrecy of an employer's trade secrets or proprietary information. ... [A]lthough a departing employee may prepare to compete, absent a contractual agreement not to, he may not (1) appropriate the company's trade secrets; (2) solicit his employer's customers while still working for his employer; (3) solicit the departure of other employees while still working for his employer, or (4) carry away confidential information, such as customer lists.").

56.   Clark's breach of his fiduciary duties to Kreg constitutes willful and wanton disregard for Kreg's rights, thus entitling Kreg to punitive damages against Clark pursuant to Iowa Code § 668A.1.

57.   Clark's breach of his fiduciary duties to Kreg was done in bad faith, vexatiously, wantonly, and/or for oppressive reasons, thus entitling Kreg to recover its reasonable attorney fees incurred in relation to this lawsuit from Clark.

58. Clark's breach of fiduciary duties is the proximate cause of substantial damage to Kreg.

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendant, Scott L. Clark, on this Breach of Fiduciary Duty claim in an amount to be determined at trial, including compensatory and punitive damages, plus the costs of this action, pre-judgment and post-judgment interest at the highest rate allowed by law, attorney fees, and for all such other and further relief as the Court deems fit under the circumstances.

### COUNT VI – BREACH OF CONTRACT
### (DEFENDANT CLARK)

59. Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 58 above as if set forth fully herein.

60. Clark entered into an implied contract with Kreg, as evidenced by the Employee Handbook and his acknowledgment thereof, to: (1) keep Kreg's proprietary information confidential and not use it for any purpose besides performing his duties as a Kreg employee; and (2) assign his rights to Kreg in any inventions created or reduced to practice by him during his employment with Kreg, related to the business of Kreg. See Paragraph 11, *supra*.

61. There was consideration for the contract: Kreg's continuing Clark's at-will employment.

62. Clark breached the contract by using Kreg's proprietary information to advance his own enterprise and compete with Kreg, and by failing to assign his rights to Kreg to inventions created or reduced to practice during his employment.

63. Clark's breach of the contract is the proximate cause of substantial damage to Kreg.

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendant, Scott L. Clark, on this Breach of Contract claim. In doing so, Plaintiff, Kreg Enterprises, Inc., further prays this Court:

    A.    Order Defendant, Scott L. Clark, to pay to Plaintiff, Kreg Enterprises, Inc., all damages adequate to compensate Plaintiff, Kreg Enterprises, Inc. for Defendant, Scott L. Clark's, breach of the contract, including, without limitation, compensatory damages in an amount to be determined at trial, disgorgement of profits from Impakt and Clark, the costs of this action, and pre-judgment and post-judgment interest at the highest rate allowed by law;

    B.    Order specific performance of the contract by requiring Defendant, Scott L. Clark, to assign to Plaintiff, Kreg Enterprises, Inc., all right, title and interest in and to all patents drafted and applied for by Defendant, Scott L. Clark, during his employment with Plaintiff, Kreg Enterprises, Inc.; and

    C.    Order all such other and further relief as the Court deems just under the circumstances.

### COUNT VII – DECLARATORY JUDGMENT (28 U.S.C. § 2201)
### (DEFENDANTS CLARK AND IMPAKT)

64.    Kreg repeats and realleges the allegations asserted in Paragraphs 1 through 63 above as if set forth fully herein.

65.    Pursuant to 28 U.S.C. § 2201, an actual controversy exists between Kreg and Clark/Impakt with regard to the ownership of the right, title and interest in and to "inventions" Clark as "an employee either alone or with another, creates or reduces during employment with Kreg Tool Company that are related to the business of the Company."

66. Impakt's website represents that the i2 XL Pocket Hole Jig System is patent pending. (http://impakttools.com/home/i2-xl-pocket-hole-jig-system/).

67. Impakt's website represents that the p1 Portable Pocket Hole Jig is patent pending. (http://impakttools.com/home/p1-pocket-hole-jig/).

68. Upon information and belief, Clark, either alone or with others from Kreg, created and/or reduced the subject matter of these patent applications during Clark's employment with Kreg.

69. As a condition of his employment, Clark has an obligation to assign all right, title, and interest in and to all "developments, improvements, formulas, original works of authorship, and databases, whether patentable, copyrighted or protected as trade secrets, that [Clark] either alone or with another, create[d] or reduce[d] during employment with Kreg Tool Company and that are related to the business of the Company."

70. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaration from this Court that Kreg is the owner, by way of assignment, of at least the patent applications represented on Impakt's website, as well as any other "developments, improvements, formulas, original works of authorship, and databases, whether patentable, copyrighted or protected as trade secrets, that [Clark] either alone or with another, create[d] or reduce[d] during employment with Kreg Tool Company and that are related to the business of the Company."

WHEREFORE, Plaintiff, Kreg Enterprises, Inc., respectfully prays this Court enter judgment in its favor and against Defendants, Scott L. Clark and Impakt Tools, L.L.C., on this Declaratory Judgment claim, that the costs of this action be assessed to Defendants, Scott L. Clark and Impakt Tools, L.L.C., and for all such other and further relief as the Court deems fit under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kreg Enterprises, Inc., hereby demands a trial by jury on all issues raised herein that are triable to a jury under applicable law.

Dated: July 11, 2017  */s/ Brant D. Kahler*
Brant D. Kahler, AT0009819
Amanda G. Jansen, AT0008250
BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: (515) 242-2400
Facsimile: (515) 242-2488
E-mail: kahler@brownwinick.com
jansen@brownwinick.com

ATTORNEYS FOR PLAINTIFF
KREG ENTERPRISES, INC.